EDWARD P. FURBER *vs.* WILLIAM W. KEE & others.

Suffolk. February 5, 1929. — May 29, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Corporation*, Officers and agents. *Equity Jurisdiction*, To relieve from the results of fraud. *Equity Pleading and Practice*, Decree, Costs. *Receiver*.

At the hearing of a suit in equity by the receiver of a corporation to recover for an alleged fraud upon the corporation, it appeared that all its outstanding capital stock was owned by one of the defendants, who also owned the real estate upon which it did business; that it could not be determined whether the apparatus used by the corporation was owned by it or by that defendant; that, at a time when

there were no creditors of the corporation, and without intent to defraud any future creditors, the other defendants purchased from the first defendant the land, apparatus and his capital stock, paying him partly in cash and partly by a mortgage; that, at the same time, a meeting of stockholders was held, at which such purchasers were elected officers and directors of the corporation, and it was voted to increase the capitalization, to issue substantially all the shares to the purchasers for a conveyance of the real estate, apparatus, goodwill, franchise and right to conduct the business on the property; that the directors voted to make such purchase; that such conveyance to the corporation was made by the purchasers subject to the mortgage given by them; that thereafter the corporation made substantial payments on account of the mortgage, which eventually was assigned by the first defendant and foreclosed by the assignee. A final decree was entered dismissing the bill and ordering the plaintiff to pay costs to the defendants. *Held,* that

(1) In such circumstances, there was no fraud nor breach of fiduciary duty by the defendants, nor any right on the part of the corporation to recover against them;

(2) Although the plaintiff was a receiver, the defendants properly were awarded costs;

(3) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on September 7, 1926.

The bill and material facts found by *Bishop,* J., by whom the suit was heard, are described in the opinion. By order of the judge, a final decree was entered dismissing the bill and directing the plaintiff to pay costs to the defendants. The plaintiff appealed.

*E. C. Park,* for the plaintiff.

*H. Bergson,* for the defendants.

WAIT, J. The plaintiff is receiver of the Independent Rendering Co. and seeks by this proceeding to establish a right in that corporation against the defendants Kee, Ryan and McCarthy, in order to apply the amount recovered to the settlement of an execution on a judgment obtained by Dorothy Sanford against said company on October 5, 1925, for personal injury received in December, 1924. He was appointed February 28, 1926, in proceedings pursuant to G. L. c. 156, § 51, and c. 155, § 52, which authorize the appointment of a receiver where the corporation has failed to produce goods to satisfy an execution against it.

Prior to March 8, 1922, the corporation had carried on a

rendering business on premises owned by the defendant Kee
with apparatus owned in part by Kee and in part by the
corporation.   It is impossible now to determine the owner-
ship of specific apparatus.   The capital stock of the corpo-
ration was one thousand shares of a par value of $10 per
share.   Kee owned all the stock which had been issued, one
hundred twenty-three shares.   He was president, and a Miss
Jackson, who held two shares of his stock, was treasurer. He,
doubtless, regarded himself as owner of the corporation and
its business.   It had a substantial surplus for a corporation
of its size.   The defendants Ryan and McCarthy desired to
acquire from Kee the premises and apparatus used in the
business, the corporation, and the business which for a few
months before March, 1922, had been confined to buying and
selling fats and grease.   They arranged to buy from Kee for
$25,000, his premises, his one hundred twenty-three shares
of stock, and his personal property used in the corporate
business.   On March 8, 1922, he conveyed the real estate, all
machinery, tools, implements, tanks and equipment used in
carrying on the business on the premises, and all the fixtures
and other personal property except grease in the drums, to
Ryan and McCarthy.   They paid him $7,500 in cash, and
gave back a mortgage for $17,500, to Kee to secure the bal-
ance.   Up to December 31, 1924, $9,599.99 had been paid
on the principal, of which $6,999.98 had been paid by the
corporation; and on February 11, 1926, Kee sold and as-
signed note and mortgage to the defendant, Chamberlain
and Company, Incorporated, for the balance remaining due
and interest, $7,942.14.   It later foreclosed and bought in
the property.   On the same March 8, a meeting of the
stockholders in the corporation was held at which McCarthy
was elected treasurer; McCarthy, Ryan and an attorney
at law, acting for them, were chosen directors; and it was
voted to increase the capital stock to $50,000, and to issue
two thousand shares to Ryan and McCarthy for a convey-
ance of the real estate, one thousand shares to them for a
transfer of the machinery and merchandise, and three hun-
dred seventy-seven shares for a transfer of the good will,
franchise and right to conduct the rendering business on

the premises. With the one hundred twenty-three shares acquired from Kee, this gave them the entire stock. The directors on the same day voted to make the purchase. Kee took no part in the directors' meeting. McCarthy and Ryan conveyed everything mentioned, except the good will and the grease in drums, to the corporation subject to the mortgage to Kee. There were no creditors. No one was harmed in any way by the transaction. There was no intention to defraud any existing or future creditor, or future stockholder.

In such circumstances the corporation cannot complain. *Mitchell* v. *Mitchell Woodbury Co.* 263 Mass. 160, 165, 167.

We see no such ground as appeared in *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, to declare the proceeding illegal. The corporation has no claim for debt or for property due against these defendants. There is here no proof of the allegations that the property was that of the corporation and not of Kee; or that Kee paid nothing for the real estate to the prior owner; or that the consideration was paid by Ryan and McCarthy and was in fact $6,000; or that the transaction was a fraud on the corporation and its creditors; or a violation of fiduciary duties of Kee, Ryan and McCarthy; or a conspiracy to avoid the corporation laws. There is no proof that the corporation paid the mortgage note to Kee; all that clearly appears is that it paid to the mortgagee $6,999.98 upon the principal of a mortgage note for $17,500 which was secured by a mortgage placed upon the real estate before it was conveyed by Ryan and McCarthy to the corporation. The finding that the plaintiff failed to prove facts alleged in the bill, other than those hereinbefore stated in substance, is not clearly erroneous.

We see, in the fact that the plaintiff is a receiver, no good reason why the defendant should not recover costs. They have been unjustly put to expense, and the cost should be a charge in the receivership to be allowed to the receiver in any accounting in the discretion of the court which passes on that account.

*Decree affirmed with costs.*